IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY RAY KINDRICK,

        Plaintiff,

vs.                            Case No. 12-1061-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

1

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On September 29, 2010, administrative law judge (ALJ) Alison K. Brookins issued her decision (R. at 9-21). Plaintiff alleges that he has been disabled since January 17, 2004 (R. at 9). Plaintiff is insured for disability insurance benefits

4

through December 31, 2013 (R. at 11). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date (R. at 11). At step two, the ALJ found that plaintiff had the following severe impairments: mechanical low back pain, obesity, right cubital tunnel syndrome, and moderate degenerative disc disease of the cervical spine with possible cervical radiculopathy (R. at 11). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 14). After determining plaintiff's RFC (R. at 15), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 19). At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 19-20). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 20-21).

**III. Did the ALJ err in her credibility analysis?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence

5

favorable to the plaintiff. Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

In her decision, the ALJ provided a well-written, thorough and detailed discussion of plaintiff's credibility. The ALJ specifically noted inconsistent statements by the plaintiff, conservative medical treatment and periods of no medication, work after the alleged onset date, and the lack of any restrictions on plaintiff's ability to work by any treatment provider as factors for discounting plaintiff's credibility (R. at 16). After reviewing the record, the court finds that the

7

ALJ's credibility determination is linked to specific findings of fact fairly derived from the record.

Plaintiff argues that the ALJ erred by failing to consider plaintiff's financial situation when discrediting his complaints for not taking pain medication (Doc. 12 at 10). Plaintiff stated that he had prescriptions for hydrocodone and Xanax, but was unable to fill them because of lack of insurance and funds (R. at 282). However, the ALJ never mentioned this information in her decision. The 10th Circuit, relying on the case of Thompson v. Sullivan, 987 F.2d 1482, 1489-90 (10th Cir. 1993), has repeatedly held that the inability to pay may justify a claimant's failure to pursue or seek treatment. Threet v. Barnhart, 353 F.3d 1185, 1190 n.7 (10th Cir. 2003); Norris v. Apfel, 215 F.3d 1337 (table), 2000 WL 504882 at *8 (10th Cir. Apr. 28, 2000); Smith v. Apfel, 149 F.3d 1191 (table), 1998 WL 321176 at *4 (10th Cir. June 8, 1998); Snead v. Callahan, 129 F.3d 131 (table), 1997 WL 687660 at *4 (10th Cir. Oct. 31, 1997); see also Eason v. Chater, 951 F. Supp. 1556, 1562 (D. N.M. 1996)(claimant should not be penalized for failing to seek treatment that they cannot afford); Hockenhull v. Bowen, 723 F. Supp. 555, 557 (D. Colo. 1989) (evidence of nontreatment is of little weight when claimant's failure to seek medical treatment can be attributed to their inability to pay for such treatment).

While failure to seek treatment may be probative of severity, the ALJ has a basic duty of inquiry to ask the plaintiff why he/she did not seek treatment, or why it was sporadic. Kratochvil v. Barnhart, 2003 WL 22176084 at *5 (D. Kan. Sept. 17, 2003). Similarly, SSR 96-7p states the following:

> On the other hand, the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure. <u>However, the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment</u>. The adjudicator may need to recontact the individual or question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner. The explanations provided by the individual may provide insight into the individual's credibility.

SSR 96-7p, 1996 WL 374186 at *7 (emphasis added); cited with approval in Madron v. Astrue, 311 Fed. Appx. 170, 178 (10th Cir. Feb. 11, 2009). The fact than an individual may be unable to afford treatment and may not have access to free or low-cost

medical service is a legitimate excuse.  Madron, 311 Fed. Appx. at 178; SSR 96-7p, 1995 WL 374186 at *8.  The ALJ clearly should have considered plaintiff's statement that he lacked insurance and funds, and was therefore unable to fill certain prescriptions.

Although the court has some concerns with the ALJ's failure to consider plaintiff's statement that she lacked insurance and funds to pay for certain prescriptions, after examining the record as a whole, including the fact that the ALJ's RFC findings are supported by substantial evidence in the record, the court finds that the balance of the ALJ's credibility analysis is nonetheless closely and affirmatively linked to substantial evidence.  Beckett v. Astrue, Case No. 10-1370-SAC (Dec. 6, 2011; Doc. 12 at 17-18)(Although the court had some concern with the ALJ's failure to consider the evidence that plaintiff lacked insurance for the period of time that he did not receive medical treatment, after examining the record as a whole, including the fact that the ALJ's RFC findings are generally consistent with the medical opinion evidence, the court finds that the balance of the ALJ's credibility analysis is nonetheless closely and affirmatively linked to substantial evidence); Williams v. Astrue, Case No. 09-1341-SAC (D. Kan. Oct. 26, 2010; Doc. 19 at 17-18)(same); see Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)("While we have some

concerns regarding the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record."); Matlock v. Astrue, Case No. 09-1207-MLB (D. Kan. May 7, 2010; Doc. 16 at 24-26)(While the court had a concern with the ALJ's conclusion that the claimant's ability to perform daily activities "to any degree suggests that he retains the ability to work full-time," the court concluded that the balance of the credibility analysis was closely and affirmatively linked to substantial evidence, including the lack of any medical evidence that plaintiff had limitations not included in the ALJ's RFC findings); McGlothlin v. Astrue, Case No. 08-1117-WEB (D. Kan. Aug. 4, 2009, Doc. 17 at 13 (same); Landwehr v. Astrue, Case No. 08-1154-WEB (D. Kan. May 14, 2009, Doc. 15 at 14-17) (Despite one error in the ALJ's credibility analysis, the court held that the ALJ's credibility analysis was nonetheless closely and affirmatively linked to substantial evidence); Kochase v. Astrue, Case No. 07-1190-MLB, 2008 WL 852123 at *9 (D. Kan. March 28, 2008, Doc. 14 at 20-23) (same).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 27th day of February, 2013, Topeka, Kansas.


                              s/ Sam A. Crow
                              Sam A. Crow, U.S. District Senior Judge